UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCIO UHALDE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROADWAY MOVING & STORAGE, INC.; and Does 1–50, inclusive,<br><br>Defendant. | No.: TBD<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Marcio Uhalde ("Plaintiff" or "Plaintiff Uhalde") on his behalf and on behalf of all other similarly situated employees, by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Roadway Moving & Storage, Inc. and Does 1–50, inclusive ("Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Marcio Uhalde, employed by Roadway Moving, Inc., brings this action on his own behalf and on behalf of the proposed collective and Rule 23 class identified below, against Defendants for violations of: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the spread of hours or split shift requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); (4) the wage statement and notice requirements of NYLL § 195; and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

1

2. Plaintiff Marcio Uhalde seeks to represent a class made up of all persons who are or have been employed by Defendants as "movers" or other similar jobs, in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

5. Plaintiff's claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

6. Plaintiff Marcio Uhalde resides in the Bronx, in New York County, New York. Plaintiff was employed by Defendants from March 2007, until August 9, 2018. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and NYLL.

7. Defendant Roadway Moving, Inc. is a company organized and existing under the laws of the State of New York, with its principal place of business located at 845 3rd Ave. New York, NY 10022. At all relevant times, Defendant Roadway Moving, Inc. was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff Marcio Uhalde brings this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

> **FLSA Collective Action**: All persons who are or have been employed by Defendants as foreman(s), driver(s), mover(s), helper(s) and/or other similar jobs, at any location operated by Defendants in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action (collectively "FLSA Collective Action Members").

9. Defendants employed FLSA Collective Action Members during the time period relevant to the FLSA Collective Action, and classified FLSA Collective Action Members as non-exempt from overtime requirements of the FLSA.

10. Defendants meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much FLSA Collective Action Members are paid, maintain time records for FLSA Collective Action Members, assigns and supervises all of the tasks given to FLSA Collective Action Members, and maintains and exercises control as to how FLSA Collective Action Members are to perform their tasks.

11. Each FLSA Collective Action Member is or was a non-exempt employee entitled to overtime compensation for hours worked in excess of 40 hours per workweek.

12. However, at all times during the FLSA Collective Action period, Defendants failed to pay FLSA Collective Action Members overtime premiums for hours worked in excess of 40 hours per workweek.

13. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to FLSA Collective Action Members.

14. Defendants are liable under the FLSA for failing to properly compensate FLSA Collective Action Members and, as such, notice should be sent to FLSA Collective Action Members.

15. There are, upon information and belief, more than 60 similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of

the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through records.

## **CLASS ACTION ALLEGATIONS**

16. Plaintiff brings this action on behalf of himself and other employees similarly situated, as authorized under Rule 23 of the Federal Rules of Civil Procedure. The employees similarly situated are:

> **New York Class:** All non-exempt persons who are or have been employed by Defendants at any location in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action (collectively "New York Class Members").

17. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, (i) did not pay Plaintiff or New York Class Members any wages or the applicable overtime premium pay rate for hours worked in excess of 40 hours (but less than 51 hours) per workweek; (ii) did not pay Plaintiff or New York Class Members spread of hours or split shift compensation; and (iii) failed to furnish correct and accurate wage statements required by the NYLL.

18. The facts as alleged in Paragraphs 8–14 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

19. Defendants failed to make, keep and/or preserve accurate records with respect to New York Class Members and failed to furnish to Plaintiff and New York Class Members an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

20. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period,

Defendants employed in excess of 60 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

21. Typicality: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiff and New York Class Members to the same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL.

22. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and has retained counsel experienced in FLSA and NYLL class and collective action litigation.

24. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to New York Class Members in violation of NYLL;

    c. Whether Defendants unlawfully failed to pay spread of hours or split shift compensation to New York Class Members in violation of NYLL;

    d. Whether Defendants employed Plaintiff and the New York Class within the meaning of New York law;

    e. Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

f. What the proper measure of damages sustained by the New York Class are; and

g. Whether Defendant's actions were "willful."

25. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual New York Class Members could result in inconsistent or varying adjudications and create the risk of incompatible standard of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

26. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

27. Plaintiffs intend to send notice to all d of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

28. As outlined above, Defendants employed Plaintiff Uhalde as a mover from approximately March 2007, until August 9, 2018.

29. As a mover, Plaintiff and other members of the proposed collective and Rule 23 classes were primarily responsible for loading and unloading trucks with furniture and moving boxes as well as driving these trucks to the location of the items to be moved and their new destination.

30. At all times during employment, Defendants classified Plaintiff as a non-exempt employee entitled to the protections of the FLSA and NYLL.

31. Plaintiff has been working for Defendants as a "foreman driver" since March 2018.

32. As a foreman driver Defendants compensated Plaintiff Marcio Uhalde on an hourly basis at a rate of $20.00 per hour. His duties as a foreman driver include directing moving projects and driving, as well as handling paperwork, speaking with clients, and working with others involved in moving projects.

33. Defendants compensated "non-driver foremen" $18.00 per hour. "Helpers," who were only in charge of moving items and loading trucks, were compensated $13.00 per hour.

34. During most weeks of employment, Defendants required Plaintiffs to work in excess of 40 hours per week. Depending on the season, Plaintiffs worked as much as 90 hours a week. By way of example, Plaintiff Uhalde's typical work week during the summer months was:

    a. Sundays[1], from 6:30 AM to 6:00 PM; (i.e., over 10 hours);

    b. Monday, from 6:30 AM to 8:00 PM (i.e., over 10 hours);

    c. Tuesday, from 6:30 AM to 9:00 PM (i.e., over 10 hours);

    d. Wednesday, from 6:30 AM to 6:00 PM (i.e., over 10 hours);

    e. Thursday, from 6:30 AM to 8:00 PM (i.e., over 10 hours);

    f. Friday, from 6:30 AM to 10:00 PM (i.e., over 10 hours);

---

[1] Plaintiff Uhalde worked Sundays until two years ago.

g.    Saturday, from 6:30 AM to 7:00 PM (i.e., over 10 hours).

35.    Defendants did not compensate Plaintiffs with overtime at a rate of one-and-one-half times for hours worked in excess of 40 (but less than 51) per workweek during all or part of the relevant class period.

36.    Defendant, through its actions, intended and conspired to violate the Fair Labor Standards Act and Motor Carrier Act in order to enrich itself unjustly by keeping for itself overtime wages owed to Plaintiffs.

**FIRST CAUSE OF ACTION**
**(FLSA: Failure to Pay Overtime Compensation)**

37.    Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

38.    During the relevant time period, Plaintiffs and the FLSA Collective Action Members worked in excess of 40 hours per workweek and, because of above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

39.    Despite the hours worked by Plaintiffs and the FLSA Collective Action Members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the FLSA Collective Action Members appropriate overtime compensation.

40.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

41.    Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

42. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs.

43. During the relevant time period, Plaintiffs and the New York Class Members worked in excess of 40 hours per workweek and, because of Roadway Moving, Inc.'s above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

44. Despite the hours worked by Plaintiffs and the New York Class Members, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

45. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the New York Class Members are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

46. Plaintiffs and the New York Class Members also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

## THIRD CAUSE OF ACTION
### (12 NYCRR § 142-2.4: Spread of Hours or Split Shift)

47. Plaintiffs allege and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

48. At all relevant times, Defendants was an "employer" within the meaning of 12 N.Y.C.R.R. §§ 142.

49. At all relevant times, Plaintiffs were "employees" within the meaning of 12 N.Y.C.R.R. §§ 142.

50. At all relevant times, Plaintiffs were <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. §§ 142.

51. Defendants failed to compensate Plaintiffs the legally mandated spread of hours pay for days in which he worked in excess of ten (10) hours or split shift pay when Plaintiffs had a split shift.

52. These practices were willful and lasted for the duration of the relevant time periods.

53. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

## FOURTH CAUSE OF ACTION
### (NYLL § 195(1): Failure to Provide Notice)

54. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

55. During the relevant time period, Defendants failed to furnish Plaintiffs and the New York Class Members with notice, in writing, at the time of hiring, containing specifically enumerated certain criteria, as required by NYLL § 195(1).

56. Defendant's violation of the NYLL was willful and, as a result, Defendants is liable to Plaintiffs and the New York Class Members in the amount of $50 for each violation up to $5,000 per class member.

57. In addition to statutory penalties, Plaintiffs and the New York Class Members are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NYLL § 195(3): Failure to Furnish Wage Statements)

58. Plaintiffs alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

59. During the relevant time period, Defendants failed to furnish Plaintiffs and the New York Class Members with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

60. Defendant's violation of the NYLL was willful and, as a result, Defendants is liable to Plaintiffs and the New York Class Members in the amount of $250 for each violation up to $5,000 per class member.

61. In addition to statutory penalties, Plaintiffs and the New York Class Members are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendants and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23;

E. An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for improper practices;

F. An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G. An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

H. An award to Plaintiffs of all applicable statutory damages to which they are entitled;

I. An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

J. An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

K. An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

L. Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

New York, New York  
Dated: October 29, 2018

Respectfully submitted,

THE OTTINGER FIRM, P.C.

By: _____

Benjamin D. Weisenberg
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*Counsel for plaintiffs.*