UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARCIO UHALDE, individually and on behalf of all
others similarly situated,

                                *Plaintiffs*,

                         v.

ROADWAY MOVING & STORAGE, INC.; and Does
1-50, inclusive,

                                *Defendant*.
----------------------------------------------------------------X

Case No.:
1:18-CV-09962 (AJN)

DECLARATION OF
ROSS SAPIR IN
SUPPORT OF MOTION

I, Ross Sapir, declare as follows:

1. I am an officer of Defendant Roadway Moving & Storage, Inc. ("Roadway" or "Defendant") in the above-captioned action. As such, I have knowledge of the facts and circumstances herein.

2. I submit this declaration in support of the instant motion for an order (i) compelling Plaintiff Marcio Uhalde to arbitrate his claims against Roadway; (ii) staying this action until that arbitration is complete; and (iii) for such other and further relief as this Court deems just and proper (the "Motion").

3. Roadway is a New York based residential and commercial moving company that provides long distance, local, and international moving services. Its website is located at https://www.roadwaymoving.com.

4. Roadway employed Plaintiff as a Driver/Foreman, whose duties consisted of driving large moving trucks from pickup to drop off locations throughout the country, riding on those trucks to assist others drivers, packing, loading, securing and unloading from the trucks the various items being moved, and directing the work of other Roadway employees. Plaintiff's job duties also

included numerous other motor-vehicle safety-affecting activities, such as maintaining log books in compliance with maximum hours of service requirements under Section 204 of the Motor Carrier Act of 1935, inspecting trucks daily to report safety issues before and after trips, and passing in weight stations when crossing state lines.

5. To perform his job duties, Plaintiff was routinely and often required to travel on interstate highways to pick-up and drop off locations in States throughout the country.

6. Included in Plaintiff's employment file and attached hereto as **Exhibit A** are two notices, that Plaintiff signed and acknowledged, stating that Plaintiff, as a "Foreman/Driver," was in a safety sensitive position exempt from overtime compensation. Also included in Plaintiff's employment file is (i) a driver's history questionnaire; (ii) a Motor Vehicle Information Authorization Form; (iii) a commercial driver application; and (iv) Roadway's Distraction Free Driver's Policy and Vehicle Use Policy.

7. In or about September, 2016, Roadway's principal convened a meeting with Roadway employees, including Plaintiff, and distributed to each of them, including Plaintiff, a copy of Roadway's standard form Arbitration Agreement (the "Arbitration Agreement") and an Arbitration Agreement Opt-Out Form.

8. A true and complete copy of the Arbitration Agreement and Arbitration Opt-Out Form are annexed hereto as **Exhibit B**.

9. The Arbitration Agreement contains a broad arbitration clause, mandating that "any dispute arising out of or related to [Plaintiff's] employment" with Roadway is to be arbitrated in accordance with the Employment Arbitration Rules of the American Arbitration Association.

10. Moreover, while the Arbitration Agreement contains a signature line, the Arbitration Agreement expressly provides that Plaintiff need not sign the Arbitration Agreement for it to be

binding on both Plaintiff and Defendant. Instead, as is customary in employment relationships, the Arbitration Agreement expressly provides that Plaintiff's receipt of the Agreement plus his decision to continue with his employment with Roadway would constitute the mutual acceptance of the Arbitration Agreement by both Plaintiff and Roadway, unless Plaintiff signed and delivered to Roadway the Arbitration Agreement Opt-Out Form within 30 days.

11. Upon providing the Arbitration Agreement and Arbitration Agreement Opt-Form to Plaintiff, I also explained to Plaintiff and other Roadway employees that they should review and consider the Arbitration Agreement carefully, and that if they did not want it to become binding upon them, they were required to sign and return the Arbitration Agreement Opt-Out Form within thirty (30) days.

12. Plaintiff admittedly received and reviewed the Arbitration Agreement in September 2016. After such receipt and review, Plaintiff elected not to sign and return the Arbitration Agreement Opt-Out Form or any other notice that he wished to opt-out of the Arbitration Agreement within 30 days, or at all, prior to filing this action.

13. Plaintiff received notice of Roadway's Arbitration Agreement a number of other times throughout the course of his employment but still never submitted an opt-out notice.

14. For the reasons set forth in the accompanying Memorandum of Law, Roadway respectfully requests that the Motion be granted in its entirety.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 7, 2019.

_/s/ Ross Sapir_