USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/14/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marcio Uhalde,

                Plaintiff,

      –v–

Roadway Moving & Storage, Inc., et al.,

                Defendants.

---

18-cv-9962 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Plaintiff filed his Complaint in this action on October 29, 2018, alleging violations of the Fair Labor Standards Act and New York Labor Law. Dkt. No. 1. On January 7, 2019, Defendants filed a motion to compel arbitration, Dkt. No. 13, which the Court granted on May 23, 2019, *see* Dkt. No. 38. At that time, the Court stayed this case pending arbitration of Plaintiff's claims and ordered the parties to file a written status update by the sooner of the conclusion of the arbitration or six months from the date of the May 23 order. *See* Dkt. No. 38. The Court prodded the parties for this status update, which it had not yet received, on December 5, 2019. *See* Dkt. No. 42. The next day, on December 6, 2019, Defendants informed the Court that Plaintiff had not pursued his claims in arbitration or otherwise since the Court's May 23 order and had not been in communication with Defendants in over six months. *See* Dkt. No. 43. On December 19, 2019, the Court ordered Plaintiff to respond to Defendants' December 6 letter and admonished him that failure to respond could result in his claims being dismissed for failure to prosecute. *See* Dkt. No. 44.

On December 23, 2020, Plaintiff's former counsel informed the Court that his firm no longer represented Plaintiff, but he nonetheless provided Plaintiff with a copy of the Court's December 5 and December 19 orders and informed Plaintiff of the deadline to respond to Defendants' December 6 letter. *See* Dkt. No. 45. In response to this letter, on January 13, 2020, the Court again ordered Plaintiff to respond to Defendants' December 6 letter, warned him that failure to comply could result in his claims being dismissed for failure to prosecute, and ordered Plaintiff's former counsel to serve Plaintiff with the Court's order. *See* Dkt. No. 46. Plaintiff's former counsel filed proof of service of that order on Plaintiff on January 17, 2020. *See* Dkt. No. 48.

Following the formal withdrawal of Plaintiff's former counsel, *see* Dkt. No. 49, the Court adjourned Plaintiff's deadline to respond to Defendants' December 6 letter and ordered either new counsel to notice appearance or Plaintiff to notice a *pro se* appearance within 30 days, or by February 27, 2020. *See* Dkt. No. 50. In that order, which the Court issued on January 28, 2020, the Court again admonished Plaintiff—for the third time—that failure to comply within 30 days could result in dismissal of his claims for failure to prosecute. *See id.* As of the date of this order, Plaintiff has not complied with the Court's January 28 order.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). When considering a Rule 41(b) dismissal, the district court weighs five factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the

proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard[;] and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal pursuant to Rule 41(b) for failure to prosecute is appropriate. It is true that, under the third factor, relatively little prejudice to Defendants has been occasioned by the ongoing delay in proceedings. *But see Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that prejudice may be presumed where delay is unreasonable). Even setting this factor aside, the remainder clearly favor dismissal. First, for over seven months, Plaintiff has failed to comply with any of the Court's many orders. *See Dong v. United States*, No. 02-cv-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding lack of response for over two months unreasonable and warranting dismissal). Second, the Court's December 19, 2019, January 13, 2020, and January 28, 2020 orders put Plaintiff on notice that failure to comply with the Court's orders could result in dismissal for failure to prosecute. *See* Dkt. Nos. 44, 46, 50. Third, under the fourth factor, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the CJRA, to move cases along efficiently. The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not availed himself of any of these opportunities. As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC) (JLC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). However, "because the sanction of dismissal with prejudice 'has harsh consequences,'" the Second Circuit has "instructed that 'it should be used only in extreme situations.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's orders given that Plaintiff has repeatedly failed to respond to the Court's orders—even after the Court provided express warnings that he faced dismissal if he did not respond. *See Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014). However, because this case does not present an "extreme situation," the Court will impose the lesser sanction of dismissal without prejudice. *Accord Holcombe*, 2014 WL 6879077, at *3 (recommending, in a case in which a prisoner failed to respond to the Court's orders and failed to provide a current address, that the appropriate sanction was a dismissal without prejudice).

For the reasons provided above, this case shall be dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED.

4

Dated: August 14, 2020
     New York, New York

_____
ALISON J. NATHAN
United States District Judge